**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEVADA NEW BUILDS, LLC, | Case No. 2:15-CV-791 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| GREEN TREE SERVICING LLC, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Nevada New Builds, LLC's ("NNB") motion to remand the case to state court. (Doc. # 8). Defendant Green Tree Servicing, LLC ("Green Tree") filed a response in opposition. (Doc. # 12). Plaintiffs did not file a reply, and the deadline to reply has now passed.

**I. Background**

The present case involves a dispute over real property located at 5710 E. Tropicana Avenue, Unit 2007 in Las Vegas, Nevada (the "property"). (Doc. # 8 at 2). Patsy S. Fielden and Howard D. Fielden (the "Fieldens") purchased the property on April 25, 2005. (Doc. # 12 at 2). The Fieldens secured the purchase with a $130,500.00 loan from USAA Federal Savings Bank ("USAA"). (*Id.*) Defendant Green Tree is the beneficiary of the first deed of trust which encumbers the property. (Doc. # 8 at 2).

At some point, the Fieldens stopped paying their HOA dues to defendant Canyon Willow Tropicana HOA ("Canyon HOA"). On March 21, 2014, plaintiff purchased the property at a trustee's sale conducted by Canyon HOA. (*Id.*) The deed of sale was recorded on March 24, 2014. (Doc. # 12 at 2).

Plaintiff filed suit in the Eighth Judicial District Court, Clark County, Nevada against USAA and Canyon HOA on March 5, 2015. (Doc. # 1-2). Plaintiff asserted three causes of action against defendant USAA: (1) quiet title; (2) cancellation of instruments; and (3) injunctive relief. (*Id.*). Plaintiff asserted two causes of action against defendant Canyon HOA: (1) breach of contract; and (2) indemnification. (*Id.*). Plaintiff filed an amended complaint on March 27, 2015, replacing previously-named defendant USAA with defendant Green Tree. (Doc. # 1-3).

Defendant Green Tree removed the action to federal court on April 28, 2015 under 28 U.S.C. § 1441(b). (Doc. # 1). Plaintiff is a Nevada limited liability company. (Doc. # 1-2 at 2). Defendant Green Tree is a foreign limited liability company registered to do business in the state of Nevada. (*Id.*). Defendant Canyon HOA is a Nevada non-profit corporation. (*Id.* at 3).

The parties now dispute whether Green Tree properly removed this action to federal court. (Docs. # # 1, 8, 12). Green Tree argues that the citizenship of defendant Canyon HOA should be disregarded because it was fraudulently joined as a party to this litigation. (Doc. # 1 at 3). Plaintiff disagrees and now moves to remand the case back to state court because diversity is not complete. (Doc. # 8).

**II. Legal Standard**

Removal to federal court based on diversity jurisdiction is proper if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The party seeking to invoke federal jurisdiction bears the burden of establishing jurisdiction. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). Federal district courts have diversity jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). Although an action may be removed to federal court only where there is complete diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b), "'one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently

joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Joinder is fraudulent "'[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Hamilton Materials Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2009) (*quoting McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (alteration in original).

"Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials*, 494 F.3d at 1206. The removing defendant bears the burden of proving that removal is appropriate and is entitled to present facts showing that joinder is fraudulent. *McCabe*, 811 F.2d at 1339.

In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity. *Morris*, 236 F.3d at 1067; see also *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

**III. Discussion**

In its petition for removal to federal court, defendant Green Tree asserts that defendant Canyon HOA was fraudulently joined to the litigation because, under Nevada law, "a [sic] HOA foreclosure deed contains no warranty of title," so plaintiff may not bring claims against Canyon HOA for breach of contract or indemnification. (Doc. # 1 at 3). Plaintiff argues that it did not fraudulently join defendant Canyon HOA to this litigation. (Doc. # 8 at 4). Plaintiff asserts, however, that if Canyon HOA "failed to comply with the requirements of Nevada laws as to the applicable notices related to the foreclosure proceedings, it would be liable to [p]laintiff for breach of contract" and indemnification, as Canyon HOA expressly represented that it complied with the requirements of Nevada law in the foreclosure deed provided to plaintiff. (*Id.* at 5).

Fraudulent joinder is established only if a plaintiff fails to state a cause of action against a non-diverse defendant and the failure is obvious according to settled rules of law of the state in which the action was brought. *Ritchey v. Upjohn Drug Company*, 139 F.3d 1313 (9th Cir. 1998).

The court must determine: with all factual and legal issues resolved in plaintiff's favor, has the defendant brought forth clear and convincing evidence that, based on the complaint as framed

James C. Mahan
U.S. District Judge

- 3 -

1    by the plaintiff against defendant Canyon HOA, there is absolutely no possibility that plaintiffs
2    could prevail on any of their claims in Nevada state court.
3            Here, the answer to this question is no. Plaintiff brings two causes of action against
4    defendant Canyon HOA: (1) breach of contract; and (2) indemnification under a theory of unjust
5    enrichment. (Doc. # 1-3 at 6). The court will first address whether plaintiff could possibly prevail
6    on its claim for indemnification under the theory of unjust enrichment.
7            Plaintiff has stated a colorable claim against Canyon HOA for indemnification under the
8    theory of unjust enrichment. In Nevada, a claim for unjust enrichment exists when (1) the plaintiff
9    confers a benefit on the defendant; (2) the defendant appreciates such benefit; and (3) the defendant
10   accepts and retains the benefit under circumstances such that it would be inequitable for him to
11   retain the benefit without payment of the value thereof. *Certified Fire Prot. Inc. v. Precision*
12   *Constr.*, 128 Nev. Adv. Op. 35, 283 P.3d 250, 257 (2012) (*citing Unionamerica Mtg. v. McDonald*,
13   97 Nev. 210, 212, 626 P.2d 1272, 1273 (1981)). (internal quotations omitted). Here, plaintiff states
14   that "[i]n the event [that] title . . . is not quieted to [p]laintiff, it will be damaged and [d]efendant,
15   HOA, will be unjustly enriched as a result of its actions and/or omissions." (Doc. # 1-3 at 6).
16   Plaintiff goes on to say that, if this happens, it will suffer damages and will be "entitled to be
17   indemnified by [d]efendant, HOA, for all such losses or damages . . . ." (*Id.*).
18           Whether Canyon HOA is liable to plaintiff for indemnification under the theory of unjust
19   enrichment is a question for the Nevada state courts. Nevada law does not bar such a claim.
20   Plaintiff's indemnification and unjust enrichment claim presents a question of law and fact for a
21   Nevada court. That is sufficient to defeat Green Tree's fraudulent joinder argument. Therefore, the
22   court will not address whether plaintiff's claim for breach of contract could possibly survive before
23   a Nevada state court.
24   **IV. Conclusion**
25           This court finds that plaintiff did not fraudulently join defendant Canyon HOA to this
26   action. Therefore, complete diversity does not exist, making removal to this court on the basis of
27   diversity jurisdiction improper. *See* 28 U.S.C. § 1441(b). In view of the foregoing, plaintiff's
28   motion to remand is granted.

James C. Mahan
U.S. District Judge

- 4 -

1    Accordingly,

2    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to
3 remand the case to state court (doc. # 8), be, and the same hereby is, GRANTED.

4    DATED October 9, 2015.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -